### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT
### ATLANTA DIVISION

| | |
|---|---|
| PAUL DURHAM, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION FILE NO. |
| DAVID SHULKIN, SECRETARY OF ) | |
| DEPARTMENT OF VETERANS ) | |
| AFFAIRS ) | |
| ) | |
| & ) | |
| ) | |
| JAMES BYRNE, GENERAL ) | |
| COUNSEL OF THE DEPARTMENT OF ) | |
| VETERANS AFFAIRS ) | |
| ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW, PAUL DURHAM, hereinafter "Plaintiff," and files the following complaint, directed to the United States Department of Veteran Affairs (hereinafter, "VA"), and the United States Department of Veterans Affairs Office of General Counsel (hereinafter "VA OGC"), hereinafter "Defendants," and for cause of action, shows the Court as follows:

## I. INTRODUCTION

1. This is an action by Plaintiff pursuant to the Freedom of Information Act (hereinafter "FOIA") 5 U.S.C. § 552, *et seq,* to order the production of agency records maintained by the VA.  Plaintiff seeks the documentation set forth below and seeks this Court's assistance to compel production of documents wrongfully withheld from Plaintiff and to vindicate that statutory right to inspect federal agency documents.  Plaintiff asserts that there is a "significant public interest in disclosure" of the records requested by Plaintiff.

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), the Freedom of Information Act, and 28 U.S.C. § 2201, the Federal Declaratory Judgment Act.

3. The government records which Plaintiff requests are the individual claims files (hereinafter, "C-Files") maintained by the VA in a system of records for Veterans making claims for Veterans Disability Compensation and/or Survivor Benefits claims pursuant  to Title 38 of the United States Code.  *See Exhibit A (Plaintiff's FOIA Request).*

## II. JURISDICTION AND VENUE.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, in particular, 5 U.S.C. § 552(a)(4(B), under which, "the District Court of the United States, in the district in which the complainant resides… has jurisdiction to enjoin the agency from

withholding agency records and to order the production of any agency records improperly withheld from the complainant," as Plaintiff's residence is in this district.

### III. PARTIES.

6. Plaintiff is an individual, and a resident of the State of Georgia and resides at 3830 Morning Creek Dr., College Park, GA 30349.

7. Defendant David Shulkin is the Secretary of the Department of Veterans Affairs, which is believed to maintain facilities throughout this District.

8. Defendant James Byrne is the General Counsel of the Department of Veterans Affairs.

### IV. SERVICE

9. Defendant David Shulkin, Secretary of the Department of Veterans Affairs, may be served by mailing a copy of this compliant and summons by certified mail to the following address: U.S. Department of Veterans Affairs, 810 Vermont Avenue, NW, Washington, DC, 20420

.10. Defendant James Byrne is the General Counsel of the Department of Veterans Affairs, may be served by mailing a copy of this compliant and summons by certified mail to the following address: U.S. Department of Veterans Affairs, 810 Vermont Avenue, NW, Washington, DC, 20420.

11. The United States of America may be served by serving the U.S. Attorney for the district in which this action is brought at Richard B. Russell Federal Building, 75 Ted Turner Dr. SW, Suite 600, Atlanta, GA 30303-3309 and by serving a copy of this complaint and a summons by certified mail to the Attorney General of the United States, U.S. Attorney General, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## V. FACTUAL ALLEGATIONS.

12. The FOIA requires U.S. government agencies to promptly make public records available to any person if that person makes a request which (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request. 5 U.S.C. § 552(a)(3)(A).

13. The FOIA requires an agency to issue a final determination on any such information request within twenty (20) business days of the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

14. The FOIA allows an agency to extend this determination deadline, however, by ten (10) working days when "unusual circumstances" exist and when the agency so notifies a requester in writing. 5 U.S.C. § 552(a)(6)(B).

15. An agency is entitled to only one (1) ten-business day extension. *Id.* The written notice provided to the requester must specify the specific unusual circumstances

justifying the extension and the date on which a final determination is expected to be dispatched. *Id.*

16. To invoke a longer extension, the FOIA requires an agency to provide written notification to the requester that (1) offers the requester an opportunity to limit the scope of the request so that it may be processed within that time limit, or (2) offers the requester an opportunity to arrange with the agency an alternative time frame for processing the request. 5 U.S.C. § 552(a)(6)(B)(ii).

17. Plaintiff served, and the VA received, a FOIA Request on July 31, 2017 seeking production of Plaintiff's C-File. See Exhibit A.

18. The VA has not fulfilled this request.

19. Plaintiff served a timely FOIA Appeal to the VA OGC on August 30, 2017, pursuant to 5 U.S.C. § 552(a)(6)(A)(ii). See Exhibit B. Neither the VA nor the VA OGC has provided copies of Plaintiff's C-file, despite having actual knowledge of the statutory deadline to respond within 20 working days from receipt of appeal. See, Exhibit A; Exhibit B.

## VI. FIRST CAUSE OF ACTION DECLARATORY JUDGMENT

(FOIA Request for Plaintiff's C-File)

20. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

21. FOIA mandates the disclosure of the documents that Plaintiff seeks in Plaintiff's FOIA request to the VA.

22. The VA has not provided Plaintiff with the records.

23. The VA has not sought extension to the lawful response time under FOIA.

24. No FOIA exemptions apply to this request.

25. No exceptional or unusual circumstances preclude a response to the request within twenty (20) business days of the request.

26. An actual and justiciable controversy exists as to whether the VA has violated the FOIA.

27. Plaintiff seeks declaratory judgment that FOIA entitles Plaintiff to the records it seeks as part of its FOIA request to the VA.

28. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the VA will continue to violate the rights of Plaintiff and others similarly situated by maintaining its pattern or practice of unlawfully delaying and/or denying and/or ignoring responses to FOIA requests and appeals.

## VII. SECOND CAUSE OF ACTION FOR INJUNCTIVE RELIEF

29. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

30. Plaintiff seeks for an injunction requiring the VA to provide these records in an appropriate time frame.

## VIII. THIRD CAUSE OF ACTION FOR ATTORNEY FEES

31. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

32. Plaintiff seeks the award of reasonable attorney fees for filing this action. The applicable law provides that a "[C]ourt ay assess against the United States

reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. §552(a)(4)(E).

## XI. PRAYER FOR RELIEF.

Wherefore, Plaintiff requests this Court:

1. Order Defendant to provide true copies of all requested documents without further delay or obfuscation;

2. Expedite this proceeding as provided for in 28 U.S.C. § 1657;

3. Award Plaintiff costs and reasonable attorney fees in this action, as provided in 5 U.S.C. §552(a)(4)(E), and/or under any other appropriate federal statute; and,

4.Grant such other and further relief as the Court, in its wisdom, may deem just and proper.

Respectfully submitted this 9th Day of November, 2017.[1]

                                           RESPECTFULLY SUBMITTED,

                                           /s_____
                                           WILLIAM L. NABORS JR.
                                           Georgia Bar No. 211644

NABORS LAW GROUP
3355 Lenox Road
Suite 750
Atlanta, Georgia 30326
Telephone No: (678) 510-1730
Fax (678) 710-8957
Email: william@naborstrustlaw.com

---

[1] Pursuant to Local Rule 7.1, undersigned counsel hereby certifies that this document has been prepared in compliance with Local Rule 5.1(B).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT
# ATLANTA DIVISION

| | |
|---|---|
| PAUL DURHAM, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION FILE NO. |
| DAVID SHULKIN, SECRETARY OF ) | |
| DEPARTMENT OF VETERANS ) | |
| AFFAIRS ) | |
| ) | |
| & ) | |
| ) | |
| JAMES BYRNE, GENERAL ) | |
| COUNSEL OF THE DEPARTMENT OF ) | |
| VETERANS AFFAIRS ) | |
| ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2017, I served a true and correct copy of **PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** by depositing it in U.S. Mail with appropriate postage for first class mail. Service was made to the following parties:

James Byrne
General Counsel of the Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC, 20420

David Shulkin
 Secretary of the Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC, 20420

United States Attorney for the Northern District of Georgia
Richard B. Russell Federal Building
75 Ted Turner Dr. SW
Suite 600
Atlanta, GA 30303-3309

/s_____
WILLIAM L. NABORS JR.